IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  16-CV-315

**LEO TALAMANTES**,

    Plaintiff,

vs.

**ADAMS COUNTY SHERIFF'S OFFICER HEATH GUMM**, in his individual and official capacity,

    Defendant.

## COMPLAINT FOR DAMAGES AND JURY DEMAND

    Plaintiff, Leo Talamantes, through his attorneys, Anthony Viorst, the Viorst Law Offices, P.C., submits his Complaint for Damages and Jury Demand and alleges as follows:

### INTRODUCTION

    1.    This is an action for damages and other relief arising under the United States Constitution and the laws of the United States.  Defendant violated the rights of Leo Talamantes under the Fourth and Fourteenth Amendments to the United States Constitution, when Defendant Heath Gumm, without lawful justification, seized and assaulted Leo Talamantes on or about August 16, 2015.  Defendant's conduct under color of state law proximately caused the deprivation of Plaintiff's federally protected rights.  Defendant's conduct was done willfully and wantonly or with reckless disregard of Plaintiff's rights and feelings.

## JURISDICTION AND VENUE

2. This action arises under the Constitution and laws of the United States, and is brought pursuant to Title 42 U.S.C. §1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331. Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. §1988.

3. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §1391(b). All of the events alleged herein occurred within the State of Colorado.

4. Plaintiff has satisfied all conditions precedent to bringing this action.

## PARTIES

5. At the time of this incident, Plaintiff Leo Talamantes ("Talamantes") was a resident of the State of Colorado, residing in Adams County, Colorado.

6. At all times relevant to the subject matter of this litigation, Defendant Heath Gumm ("Officer Gumm" or "Defendant Gumm") was a citizen of the United States, and resident of Colorado, and was employed by the Adams County Sheriff's Office in Adams County, Colorado.

7. At all times relevant hereto, Defendant Gumm, sued in both his individual and official capacities, was acting within the scope of his official duties and employment, under color of state law.

## FACTUAL ALLEGATIONS

8. In the early morning hours of August 16, 2015, Talamantes and his wife got into a verbal dispute, and his wife called the police.

9. Defendant Gumm responded to the scene, and confirmed that no physical fight had occurred.

10. Nonetheless, Talamantes' wife decided to leave the house overnight, in order to defuse the situation, and Talamantes, along with Officer Gumm, chose to wait in the kitchen/back yard area while she did so.

11. While in the kitchen, Talamantes and Officer Gumm exchanged terse words and, when Officer Gumm opened the door leading to the back yard and motioned for Talamantes to go outside, Talamantes allegedly stated that he "wasn't going anywhere."

12. Officer Gumm then placed Talamantes into protective custody, and handcuffed him, "due to his angry outburst and level of intoxication."

13. In the course of taking Talamantes into custody, and handcuffing him, Officer Gumm ruptured Talamantes' left distal biceps tendon.

## FIRST CLAIM FOR RELIEF
### (Unreasonable Seizure Under Fourth Amendment – Lack of Probable Cause)

14. Plaintiff incorporates the preceding paragraphs by this reference.

15. Defendant Gumm acted under color of state law, in his capacity as an officer of the Adams County Sheriff's Office, at all times relevant to the allegations in this claim for relief.

16. Defendant Gumm is a "person" under 42 U.S.C. §1983.

17. Talamantes had a constitutionally protected right, under the Fourth Amendment to the United States Constitution, to be secure in his person against unreasonable searches and seizures.

18. Both C.R.S. §27-81-111 and the Fourth Amendment require that protective custody, like any other form of custody initiated by government actors, be supported by probable cause. *Anaya v. Crossroads* Managed *Care Systems, Inc.*, 195 F.3d 584, 595 (10th Cir. 1999).

19. Defendant Gumm, as described herein, conducted an unreasonable seizure of Talamantes' person, which was not supported by probable cause to believe that Talamantes was clearly dangerous to the health and safety of himself or others.

20. Defendant Gumms's actions, as described herein, were motivated by malice and/or involved reckless or callous indifference to Talamantes' federally protected rights.

21. Defendant Gumm's actions, as described herein, were motivated by an intent to harm Talamantes and/or with reckless and/or deliberate indifference to the federally protected rights of Talamantes.

22. Plaintiff is entitled to damages to compensate him for his economic and non-economic losses attributable to the violation of his constitutional rights by Defendant. In addition, Plaintiff is entitled to costs and attorney fees pursuant to 42 U.S.C. §1988 and requests pre-judgment and post-judgment interest as allowed by law.

**SECOND CLAIM FOR RELIEF**
**(Excessive Force under Fourth Amendment and Due Process Clause)**

23. Plaintiff incorporates the preceding paragraphs by this reference.

24. Defendant Gumm acted under color of state law, in his capacity as an officer of the Adams County Sheriff's Office, at all times relevant to the allegations in this claim for relief.

25. Defendant Gumm is a "person" under 42 U.S.C. §1983.

26. Talamantes had a constitutionally protected right to be secure in his person against unreasonable seizures, and to not be deprived of his health without due process of law.

27. Officer Gumm undertook an unreasonable seizure, utilizing excessive force when, during the process of handcuffing Talamantes and taking him into custody, Officer Gumm ruptured Talamantes' left distal biceps tendon.

28. Defendant Gumm's actions, as described herein, were motivated by malice and/or involved reckless or callous indifference to Talamantes' federally protected rights.

29. Defendant Gumm's actions, as described herein, were motivated by an intent to harm Talamantes and/or with reckless and/or deliberate indifference to the federally protected rights of Talamantes.

30. Plaintiff is entitled to damages to compensate him for his economic and non-economic losses attributable to the violation of his constitutional rights by Defendant. In addition, Plaintiff is entitled to costs and attorney fees pursuant to 42 U.S.C. §1988 and requests pre-judgment and post-judgment interest as allowed by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendant, and grant:

(a) Appropriate relief at law and equity;

(b) Economic losses on all claims allowed by law;

(c) Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(d) Punitive damages on all claims allowed by law in an amount to be determined at trial;

(e) Attorneys fees and the costs associated with this action, including expert witness fees, on all claims allowed by law;

(f) Pre and post-judgment interest at the lawful rate;

(g) Any further relief that this court deems just and proper, and any other relief as allowed by law.

**PLAINTIFF DEMANDS TRIAL TO A JURY.**

THE VIORST LAW OFFICES, P.C.

*s/ Anthony Viorst*
Anthony Viorst, No. 18508
Viorst Law Offices, PC
950 South Cherry Street, Suite 300
Denver, CO 80246
Telephone: (303) 759-3808
Facsimile: (303) 333-7127
E-mail: tony@hssspc.com
Attorney for Plaintiff

**Address of Plaintiff**:
7932 Grant Street
Thornton, CO 80229